| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Barry R. Wegman (127356)<br>Law Offices of David A. Tilem<br>206 N. Jackson Street, Suite 201<br>Glendale, CA 91206<br>818 507-6000<br>818 507-6800 Fax<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Steve Davis | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re<br><br>Steve Davis<br><br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NO.: 2:09-bk-22514 SB<br><br>DATE: 8/3/10<br>TIME: 9:30 am<br>CTRM: 1575<br>FLOOR: 15th |

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT: Debtor Steve Davis )
### (Action in Non-bankruptcy Forum)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:**  ☒ **255 East Temple Street, Los Angeles**   ☐ **411 West Fourth Street, Santa Ana**
   ☐ **21041 Burbank Boulevard, Woodland Hills**   ☐ **1415 State Street, Santa Barbara**
   ☐ **3420 Twelfth Street, Riverside**

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and must appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

   ☐ at the hearing     ☐ at least _____ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.

   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time, and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                      **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 2 of* 9    **F 4001-1M.NA**

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| Steve Davis | | Debtor(s). | CASE NO.: 2:09-bk-22514 SB |

5.  If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 7/ic/10

Law Offices of David A. Tilem
_____
*Print Law Firm Name (if applicable)*



Barry R. Wegman
_____
*Print Name of Individual Movant or Attorney for Movant*

_____
*Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*    **F 4001-1M.NA**

| In re                    | (SHORT TITLE)                    |             | CHAPTER: 11                    |
|--------------------------|----------------------------------|-------------|--------------------------------|
| Steve Davis              |                                  | Debtor(s).  | CASE NO.: 2:09-bk-22514 SB     |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### (MOVANT:  Debtor Steve Davis _____ )

1.  **The Non-bankruptcy Action:** Movant moves for relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate with respect to the following pending lawsuit or administrative proceeding (the "Non-bankruptcy Action") in a non-bankruptcy forum:

    Case name: T. L. Shield & Associates, Inc. vs Steven T. Davis
    Docket number: BC394491
    Court or agency where pending: Superior Court of California, Los Angeles

2.  **Case History:**
    a.  ☒ A voluntary   ☐ An involuntary   petition under Chapter   ☐ 7   ☒ 11   ☐ 12   ☐ 13
        was filed on *(specify date)*: 5/21/09
    b.  ☐ An Order of Conversion to Chapter   ☐ 7   ☐ 11   ☐ 12   ☐ 13
        was entered on *(specify date)*:
    c.  ☐ Plan was confirmed on *(specify date)*:
    d.  ☐ Other bankruptcy cases affecting this action have been pending within the past two years.  See attached Declarations.
    e.  For additional case history, see attached continuation page.

3.  **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Non-bankruptcy Action to final judgment in the non-bankruptcy forum for the following reasons:
    a.  ☐ The bankruptcy case was filed in bad faith specifically to delay, hinder or interfere with prosecution of the Non-bankruptcy Action.
    b.  ☐ The claim is insured.  Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor(s) or estate property.
    c.  ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
    d.  ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
    e.  ☐ The claims are non-dischargeable in nature and can be most expeditiously resolved in the non-bankruptcy forum.
    f.  ☐ The claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.
    g.  ☒ Other reasons to allow the Non-bankruptcy Action to proceed are set forth in an attached Declaration.

4.  ☐ Movant also seeks annulment of the stay so that filing of the bankruptcy petition does not affect any and all of the enforcement actions that were taken after the filing of the bankruptcy petition in this case, as specified in the attached Declaration(s).

5.  **Evidence In Support of Motion:** *(Important Note:  Declaration(s) in support of the Motion MUST be attached hereto.)*
    a.  ☒ Movant submits the attached Declaration(s) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
    b.  ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims set forth in Debtor's(s') Schedules.  Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 4 of* 🔍 __ **F 4001-1M.NA**

| In re                    (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| Steve Davis                                Debtor(s). | CASE NO.: 2:09-bk-22514 SB |

    c. ☐ Other evidence *(specify)*:

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order granting the following:**

1. Relief from the stay to Movant (and its successors and assigns, if any) *(check boxes re all applicable relief requested)*:
    a. ☒ Terminating the stay as to Debtor(s) and Debtor's(s') bankruptcy estate.
    b. ☐ Annulling the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).
    c. ☒ Modifying or conditioning the stay as set forth in the attached continuation page:

2. Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the non-bankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against Debtor(s) or estate property.

3. ☐ Additional provisions requested:
    a. ☐ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
    b. ☐ That the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.
    c. ☐ That the Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.
    d. ☐ For other relief requested, see attached continuation page.

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: 7/6/10

Respectfully submitted,

Debtor Steve Davis
_____
*Movant Name*

Law Offices of David A. Tilem
_____
*Firm Name of Attorney for Movant (if applicable)*

By: _____
*Signature*

Name: Barry R. Wegman
_____
*Typed Name of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

## Modification or conditioning of relief from stay

    T.L. Shields & Associates, Inc. are creditors who obtained a default judgment which was not served on the Debtor.  The Debtor seeks to return to the State Court to set aside the Default and litigate the dispute to the end to determine the extent and validity of the claim of T.L. Shields & Associates, Inc. and to address set offs to which Movant should be entitled.  The Judgment shall be returned to this Court where it will be resolved through a plan of reorganization.

**F 4001-1M.NA**

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| Steve Davis | | Debtor(s). | CASE NO.: 2:09-bk-22514 SB |

## DECLARATION RE ACTION IN NON-BANKRUPTCY FORUM
### (MOVANT: Debtor Steve Davis                    )

I, Steven Davis _____, declare as follows:
   *(Print Name of Declarant)*

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding the state court lawsuit, administrative proceeding, or other action in a non-bankruptcy forum ("Non-bankruptcy Action") that is the subject of this Motion because:

    a.  ☑ I am the Movant.

    b.  ☐ I am the Movant's attorney of record in the Non-bankruptcy Action.

    c.  ☐ I am employed by the Movant as *(state title and capacity)*:

    d.  ☐ Other *(specify)*:

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Non-bankruptcy Action.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the Court if required.

3.  The Non-bankruptcy Action at issue is currently pending as:

    Case name: T. L. Shield & Associates, Inc. vs Steven T. Davis
    Docket number:BC394491
    Court or agency where pending: Superior Court of California, Los Angeles

4.  **Procedural Status:**

    a.  The causes of action pleaded in the non-bankruptcy forum are *(list)*:
        Breach of Contract and to Foreclose Mechanics' Lien

        True and correct copies of the pleadings filed before the non-bankruptcy forum are attached hereto as Exhibit A_____.

    b.  The Non-bankruptcy Action was filed on *(specify date)*:7/15/08

    c.  Trial or hearing began/is scheduled to begin on *(specify date)*:

    d.  The trial or hearing is estimated to require the following number of court days *(specify)*:

    e.  Other defendants to the Non-bankruptcy Action are *(specify)*:

5.  **Grounds for relief from stay:**

    a.  ☐ The claim is insured.  The insurance carrier and policy number are *(specify)*:

*(Continued on next page)*

*December 2009*                                                     **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - Page 6 of 9     **F 4001-1M.NA**

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| Steve Davis | Debtor(s). | CASE NO.: 2:09-bk-22514 SB |

b. ☐ The matter can be tried more expeditiously in the non-bankruptcy forum.

(1) ☐ It is currently set for trial on:

(2) ☐ It is in advanced stages of discovery and Movant believes that it will be set for trial by *(specify date)*.
The basis for this belief is *(specify)*:

(3) ☐ The matter involves non-debtor parties who are not subject to suit in the bankruptcy court. A single trial in the non-bankruptcy forum is the most efficient use of judicial resources.

c. ☐ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Non-bankruptcy Action.

(1) ☐ Movant is the only creditor (or the only substantial creditor) scheduled by the Debtor(s).

(2) ☐ The timing of the petition filing shows that it was intended to delay or interfere with the Non-bankruptcy Action based upon the following facts *(specify)*:

(3) ☐ Debtor(s) does(do) not have a reasonable likelihood of reorganizing in this Chapter ☐ 11 ☐ 13   bankruptcy case based upon the following facts *(specify)*:

d. ☒ For other facts justifying relief from stay, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on _Jual_____, _85_, at _Pasadena, CA._ *(city, state)*.

Steven Davis
*Print Declarant's Name*

_Steven Davis_
*Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 4001-1M.NA**

*December 2009*

## Declaration of Steven Davis
### Continuation Page for Section 5(d)

1.   Creditor T.L. Shields & Associates, Inc. ("T.L. Shield") installed an elevator in the residence I own and which is one of the subjects of this bankruptcy.   The elevator construction and installation had been close to completion and I personally witnessed its operation.   It only required a final inspection once permanent power had been established.

2.   When I became short of cash and could not pay my bills, T.L. Shield removed the software which operated the elevator. Without the software, the elevator is disabled.   Today it is inoperable and I can not obtain a final inspection.

3.   To enforce its Mechanics' Lien rights, T.L. Shield filed the lawsuit attached hereto as Exhibit A.   I was never served with this Complaint.   Attached as Exhibit B is a true and correct copy of the Proof of Service filed with the Los Angeles Superior Court on November 12, 2008.   This proof of service shows that the Complaint was served by substitute service on October 31, 2008 at 1045 San Marino Avenue, San Marino, California.   The problem is that on June 6, 2008 I moved my family from that residence to where we currently live.   If they served someone at that address, that person was unknown to me.

4.   The Proof of Service documents also indicate that Russell Duane attempted to complete the service by mailing a copy to me at the address on San Marino Avenue.   Again, I did not live there at that time.

5.   Moreover, the Proof of Service shows the pleading was left with a woman who was of 45 to 55 years of age, 5'2" - 5'4" in height and weighing 120 to 140 pounds.   I know no one fitting that description who lives with me.   My wife is 5'9" and weighs about 100 pounds.   My daughter was attending college on the East Coast as of late August, 2008 and was not in California in October of 2008.

6.   T.L. Shields obtained a default judgment based on the full contract price and perfected a lien for that amount on my real property.   The problem is that prior to initiating any action, they removed part of what they had installed, thereby disabling the elevator and removing something that had been affixed to the property.   T.L. Shields was not entitled to a lien for the full contract price.

7.   The relief requested is intended to permit me to move to set aside the default in the state court and file an answer and cross claim for damages based on what it will cost to replace and install the software T.L. Shield removed.

### DECLARATION OF BARRY R. WEGMAN
### IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY

I, Barry R. Wegman, declare:

1.    I am an attorney duly licensed to practice before this Court and a member of the firm of the Law Offices of David A. Tilem, counsel of record for Debtor Steven Davis in his Chapter 11 proceeding.

2.    When Steve Davis explained to me what had happened with the T.L. Shield & Associates, Inc. ("T.L. Shield") judgment, I first obtained a copy of both the complaint and the proof of service.  The copies attached to the motion as Exhibits A and B are true and correct copies my attorney service obtained for me from the Superior Court.

3.    The Proof of Service states that it had been served by substituted service on a woman at 1045 San Marino Avenue, San Marino, CA 91108 and then a copy mailed to the same address.  I have met Mr. Davis' wife and she is well over 5'4" and there is no way anyone would believe she weighs 120 to 140 pounds. Moreover, her hair is auburn, not brown.

4.    I did communicate with Louis J. Khoury, counsel for T.L. Shields about resolving the issues between the Debtor and his client short of bringing a motion for relief from stay followed by a motion for relief from default and then litigation in the state court.  He was not interested.

Executed this _6_ day of ~~June~~ July, 2010 at Glendale, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Barry R. Wegman

**"EXHIBIT A"**

1    LOUIS J. KHOURY, ESQ., SBN 57491
LAW OFFICES OF LOUIS J. KHOURY
2    A Professional Corporation
1801 Century Park East, Suite 2400
3    Los Angeles, CA 90067-2326

**FILED**
LOS ANGELES SUPERIOR COURT

4    Telephone: (310) 553-7291
Facsimile:  (310) 553-7295
5    E-mail: ljkhoury@aol.com

JUL 15 2008

6    Attorney for Plaintiff T.L. SHIELD & ASSOCIATES, INC.,
a California Corporation

JOHN A. CLARKE, CLERK
7

BY D.M. SWAIN, DEPUTY

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10

11   T.L. SHIELD & ASSOCIATES, INC., a        CASE NO.    BC394491
     California corporation,
12
          Plaintiff,                         **COMPLAINT FOR BREACH OF
13                                           CONTRACT AND TO FORECLOSE
          vs.                                MECHANICS' LIEN**
14
     STEVEN T. DAVIS, and DOES 1
15   through 100
16        Defendants.
17

18
          Plaintiff alleges as follows:
19
                         **GENERAL ALLEGATIONS**
20
          1.    Plaintiff is, and at all times relevant to this action was, a corporation
21
     organized and existing under and pursuant to the laws of the State of California, doing
22
     business in the County of Los Angeles, State of California.  Plaintiff's business involves
23
     the sales and installation of residential elevators, and at all times herein mentioned,
24
     Plaintiff has been licensed by the State of California to perform such work as described
25
     in this complaint, having been issued Class C11 license number 605460.
26
          2.    Defendant, Steven T. Davis is, and at all times relevant to this action was,
27
     an individual, residing in and doing business in the County of Los Angeles, State of
28

Louis J. Khoury
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 553-7291

-1-
COMPLAINT FOR BREACH OF CONTRACT AND TO FORECLOSE MECHANICS' LIEN

011

1    Califonia.   At all times herein mentioned, Mr. Davis represented himself to be the

2    owner of the premises described below.

3        3.       Defendant, Steven T. Davis and Does 1-5, at all times herein mentioned

4    owned, that parcel of real property improved with a single family residence located at in

5    the County of Los Angeles, at 1475 Pasqual, Pasadena, CA 91106 (herein the

6    "Premises") and legally described as:

7

8        Parcel A:

9        Parcel 3 together with the Easterly 4.90 feet and the Northerly 20.00 feet
       of Parcel 2 of Parcel Map 25562 recorded In Book 302 Pages 51 and 52 of
10       Parcel Maps, in the office of the County Recorder of said County, to be
       held as a part of a single parcel comprised of said portions of Parcel 2
11       and all of Parcel 3 of said Parcel Map pursuant to the lot line adjustment
       approved by the City of Pasadena by that Certificate of Compliance
12       recorded on June 12, 2002 as Instrument No. 02-1340627.

13       Parcel B:

14       An Exclusive easement appurtenant thereto for use as a private driveway
       for Ingress, egress, landscaping, and lighting In and over a portion of
15       Parcel 2 of said Parcel Map, described by metes and bounds as follows:

16       Beginning at the Southwest corner of said Parcel 1 of said Parcel Map;
       thence along the Southerly line of said Parcel Map, South 89 Degrees 39'
17       15" East 132.01 feet to the true point of beginning; thence continuing
       along said Southerly line, South 89 Degrees 39' 15" East 7.60 feet to the
18       point of intersection of said Southerly line with a line parallel with and
       19.90 feet Westerly of the Easterly line of said Parcel Map; thence
19       Northerly along said parallel line North 00 Degrees 02' 39" East 324.93
       feet to the Southerly line of the Northerly 20.00 feet of said Parcel 2;
20       thence North 89 Degrees 39' 15" West 9.73 feet thence South 00
       Degrees 02' 39" West 104.93 feet; thence South 00 Degrees 08' 20" East
21       119.46 feet; thence North 89 Degrees 51' 33" East 1.36 feet; thence
       South 00 Degrees 08' 27" East 11.00 feet; thence South 89 Degrees 51'
22       40" West 1.36 feet; thence South 00 Degrees 0820" East 63.03 feet;
       thence South 03 Degrees 12' 55" East 26.58 feet; to the true point of
23       beginning.

24

25        4.       Plaintiff is unaware of the true names, capacities, or basis for liability of

26    defendants DOES 1 through 100, and therefore sues said defendants by their fictitious

27    names. Plaintiff will amend this complaint to allege their true names, capacities, or

28    bases for liability when the same has been ascertained. Plaintiff is informed and

Louis J. Khoury
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 553-7291

-2-

COMPLAINT FOR BREACH OF CONTRACT AND TO FORECLOSE MECHANICS' LIEN

1  believes and thereon alleges that defendants DOES 1 through 100, inclusive, and each

2  of them, are in some manner liable to plaintiff, or claim some right, title, or interest in the

3  subject property that is junior and inferior to that of plaintiff, or both.

4          5.      At all times relevant to this action, each defendant, as well as those

5  fictitiously named as DOES 1 - 50, inclusive, was the agent, servant, employee, partner,

6  joint venturer, or surety of the other defendants and was acting within the scope of said

7  agency, employment, partnership, venture, or suretyship, with the knowledge and

8  consent or ratification of each of the other defendants in doing the things alleged

9  herein.

10          6.      In 2006, Defendants employed Finton Associates as the general

11 contractor to construct a single family residence on the Property.  On or about

12 November 30, 2006, Plaintiff and Finton Associates entered into an agreement

13 pursuant to which Plaintiff agreed to provide and install an elevator in the single family

14 residence being constructed pursuant to the terms of that agreement attached hereto

15 as Exhibit A.  The whole of the Premises and the entire estate of the defendant owner

16 in the property are required for the convenient use and occupation of the work of

17 improvement.

18          7.      Within twenty days of the commencement of Plaintiff's work pursuant to

19 the terms of the agreement Plaintiff served Defendants with a Preliminary 20-Day

20 Notice, a true and correct copy of which is attached hereto as Exhibit B.

21          8.      Between November 30, 2006, and April 17, 2008, pursuant to the above-

22 described Agreement, Plaintiff furnished labor, services, equipment, and materials, that

23 were used and intended to be used in the work of improvement on the subject property.

24          9.      Subsequent to the execution of the agreement with Finton Associates,

25 Finton withdrew and Defendants took over the construction of the improvements on the

26 Property, assumed the obligations of Finton, and Plaintiff then commenced dealing

27 directly with Defendant Steven T. Davis. Plaintiff has performed all things necessary

28 and required of Plaintiff under the Agreement, except to the extent that Plaintiff was

Louis J. Khoury
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 553-7291

-3-

COMPLAINT FOR BREACH OF CONTRACT AND TO FORECLOSE MECHANICS' LIEN

1  prevented or excused from so performing by the breaches of Defendants alleged

2  below.

3      10.   Pursuant to the most recent invoice presented to Defendant, there is due

4  owing and unpaid to Plaintiff $24,921.47.  No portion of the $24,921.47 has been paid

5  and the entire amount thereof is due owing and unpaid.

6      11.   Within such time as is statutorily provided, on April 17, 2008, Plaintiff

7  caused a  mechanics lien claim to be recorded against the Premises and the whole

8  thereof .  A true and correct copy of such mechanics' lien is attached hereto as Exhibit

9  C and, by this reference incorporated herein.

10

11                    **FIRST CAUSE OF ACTION**

12      **(Damages for Breach of Contract against Defendants, Steven T. Davis**
                       **and DOES 1 - 50, Inclusive)**
13

14      12.   Plaintiff realleges and incorporates by reference each and every allegation

15  contained in  paragraphs 1 through 11 inclusive, as if fully set forth herein.

16      13.   Defendants have breached the above-described Agreement by failing to

17  pay the balance due Plaintiff and there has been due, owing, and unpaid since April 17,

18  2008, a balance of $24,921.47, plus interest thereon at the legal rate according to the

19  terms of the Agreement attached hereto as Exhibit A.

20      14.   As a result of said breach of the Agreement, Plaintiff has been damaged in

21  the sum of $24,921.47, plus interest thereon at the legal rate and in such additional

22  sums for costs of delay/extras/lost profits resulting from such unforseen conditions or

23  circumstances encountered after the entry into the Agreement as will be proved at trial.

24                    **SECOND CAUSE OF ACTION**
          **(Foreclosure of Mechanics' Lien against Defendants,**
25        **Steven T. Davis individually and DOES 1 - 50, Inclusive)**

26

27      15.   Plaintiff realleges and incorporates by reference each and every allegation

28

Louis J. Khoury
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 553-7291

-4-

COMPLAINT FOR BREACH OF CONTRACT AND TO FORECLOSE MECHANICS' LIEN

1 | contained in paragraphs 1 through 11 inclusive, as if fully set forth herein.

2 |      16.    As set forth in paragraph 11 incorporated herein, Plaintiff recorded a

3 | verified claim of lien on April 17, 2008, in the office of the County Recorder of Los

4 | Angeles County after Plaintiff had substantially completed the agreed-on work.

5 | Accordingly, Plaintiff is entitled to foreclose said lien. In addition, Plaintiff incurred and is

6 | entitled to reimbursement for the cost of verifying and recording the mechanics' lien.

7 |      17.    Defendants have or claim to have some right, title, or interest in the

8 | Premises, the exact nature of which claims is unknown to Plaintiff, but which claims are

9 | subject and subordinate to the Plaintiff's claim of lien.

10 | **THIRD CAUSE OF ACTION**

11 | **(Open Book Account against Defendants, Steven T. Davis individually**

    **and DOES 1 - 50, Inclusive)**

12 |

13 |      18.    Plaintiff realleges and incorporates by reference each and every allegation

contained in paragraphs 1 through 11 inclusive, as if fully set forth herein.

14 |

15 |      19.    Within the two years last past, in Los Angeles County, California, Plaintiff

supplied goods and services to Defendants, at their instance and request, and

16 |

17 | Defendants became indebted to Plaintiff in the total amount of $52,921.47, of which

amount $24,921.47 remains due and owing pursuant to an open book account.

18 |

19 |      20.    No part of said amount of $24,921.47 has been paid, although demand

therefor has been made, and there is now due, owing and unpaid to Plaintiff on said

20 |

21 | open book account the amount of $24,921.47 together with interest thereon, pursuant to

the terms of the Agreement at the legal rate from April 17, 2008.

22 | **FOURTH CAUSE OF ACTION**

23 | **(Common Counts for Work, Labor, Services, Material and Equipment Furnished**

24 |     **Against Defendants, Steven T. Davis individually and DOES 1 - 50, Inclusive)**

25 |      21.    Plaintiff realleges and incorporates by reference each and every allegation

26 | contained in paragraphs 1 through 11 inclusive, as if fully set forth herein.

27 |      22.    Within the two years last past, in the County of Los Angeles, State of

28 | California, Plaintiff provided to Defendants, at their instance and request, and

Louis J. Khoury
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 553-7291

-5-

COMPLAINT FOR BREACH OF CONTRACT AND TO FORECLOSE MECHANICS' LIEN

1  Defendants became indebted to Plaintiff on an open book account, for certain work,

2  services, labor and equipment provided to Defendants at Defendants' special instance

3  and request for charges totaling $24,921.47.

4       23.  No part of said amount has been paid, although demand therefor has been

5  made, and there is now due, owing and unpaid to Plaintiff $24,921.47 together with

6  interest thereon, pursuant to the terms of the Agreement at the legal rate from April 17,

7  2008.

8       **WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AS FOLLOWS:**

9  **ON THE FIRST CAUSE OF ACTION:**

10      1.      For monetary damages in the amount of $24,921.47; and

11      2.      For interest thereon at the legal rate from April 17, 2008.

12  **ON THE SECOND CAUSE OF ACTION:**

13      3.      Adjudging that the rights, claims, ownership, liens, titles, and demands of

14  defendants, and each of them, in the above-described real property are subsequent to

15  and subject to the lien of plaintiff.

16      4.      Adjudging that the mechanics' lien claimed in the claim of lien, referred to

17  above as Exhibit C, be foreclosed, and that the usual judgment be made for the sale of

18  the property according to law by a commissioner to be appointed by the court; that the

19  proceeds of the sale be applied in payment of the amounts, including interest from April

20  17, 2008, to date of entry of judgment, due to Plaintiff; that each of the defendants and

21  all persons claiming under any of them, subsequent to the mechanics' lien of the

22  Plaintiff, whether as lien claimants, judgment creditors, purchasers, encumbrancers, or

23  otherwise, be barred and foreclosed from all rights, claims, interests, or equity of

24  redemption in the property and every part of the property, when time for redemption has

25  passed.

26      5.      That the costs for verifying and recording the lien, and costs incurred by

27  plaintiff in bringing this action, be adjudged and decreed to be a lien on the real property

28  described in this complaint.

Louis J. Khoury
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 553-7291

-6-

COMPLAINT FOR BREACH OF CONTRACT AND TO FORECLOSE MECHANICS' LIEN

016

1     6.    That, if any deficiency results from the sale of the real property under this

2  court's decree, that Plaintiff have judgment for such deficiency against defendants, and

3  each of them.

4     7.    That the court clerk be directed to docket and enter the personal judgment

5  demanded in paragraph 7, above, independently of any deficiency judgment that may be

6  entered after sale of the real property under the court's decree.

7     8.    For an order allowing Plaintiff to become a purchaser at the foreclosure

8  sale

9  **ON THE THIRD AND FOURTH CAUSES OF ACTION:**

10    9.    For monetary damages in the amount of $24,921.47 together with interest

11 thereon, pursuant to the terms of the Agreement at the legal rate from April 17, 2008.

12 **ON ALL CAUSES OF ACTION:**

13    10.    For interest at the legal rate; and

14    11.    For such other and further relief as the Court deems just and proper.

15 Dated: July 15, 2008          Respectfully submitted,

16                        **LAW OFFICES OF LOUIS J. KHOURY**

17                        **A PROFESSIONAL CORPORATION**

18

19         By:                                
        LOUIS J. KHOURY, Attorney for Plaintiff

20

21

22

23

24

25

26

27

28

Louis J. Khoury
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 553-7291

COMPLAINT FOR BREACH OF CONTRACT AND TO FORECLOSE MECHANICS' LIEN

017

T.L. Shield & Associates, Inc.
### Elevator Proposal
For
Davis Residence

**GENERAL:**
All work to be done by a California State licensed elevator contractor (with appropriate C11 license). 3 stop in-line with 26 ft of travel, LULA style article 15 elevator with 1400lb. capacity. The cost of elevator has changed due factory price increases. The cab size is a custom size has been reduced to fit actual hoistway conditions. The installation shall be in accordance with Part 5 of the ANSI A17.1 elevator code.

**CAR / CONSTRUCTION:**
Size will be approximately 40" x 48" (platform, or as nominally large as hoistway will allow). Car to be constructed of 3/4 " Maple veneer (stain grade ready),11 gauge steel platform with 1 1/4" plywood subflooring, light fixture, Auto slide doors on hoistway and cab , #4 bronze Finish , flush car controls, telephone box and red push-pull emergency stop/alarm bell 1400LB. capacity.  All trim #4 Bronze Finish.

**DRIVE SYSTEM:**
A constant displacement rotary screw type pump, suitable motor, oil reservoir, hydraulic control valve, low pressure switch, manual shutoff valve, oil level gauge and wiring junction box.

**EMERGENCY POWER LOWERING:**
An automatic emergency lowering feature shall be incorporated into the power unit and control system. In the event of the loss of normal power the elevator will return to the lowest landing and continue to monitor all safety circuits. Opening the car gate or activating the stop switch or terminal limit will stop the elevator.

**OPERATION:**
Operation of the left shall be fully automatic. When the lift is not running and all doors and car gates are closed, the momentary pressure on any operating button will call or send the car to the corresponding landing. Operating buttons will be inoperative while the left is running or when a hoistway door or car gate is open.

**WARRANTY:**
This product is covered by a limited one (1) year warranty on all equipment from date of delivery of the equipment to the job site and six (6) months on labor from completion of installation. Installation warranty will not exceed the equipment warranty time frame.
All warranty work to take place during normal working hours.

**DRAWINGS:**
The elevator contractor is to provide general aggangement drawings of the equipment showing the hoistway, pit, and machine room dimensions. Drawings to be properly approved before commensement of fabrication and / or installation. All surface finishes and colors to be selected and returned with approved drawings.

**PERMIT AND APPROVALS:**
By T.L. Shield & Associates, Inc.
Final inspection can not be obtained (in some jurisdictions) until permanent power and telephones are in service.

**ITEMS BY OTHERS:**
A **square** shaft. A **plumb** shaft with no more than 1/2" of variance in 50'. Four 4" x 4" rail mounting beams PLUMB AND SQUARE; properly anchored with Simpson A35 anchors. In the equipment room—a dedicated power source 230 volts, single phase, 30 amps, fusible lockable disconnect switch (adjacent to strike side of door), a 110 volt single phase 20 amp dedicated service with fusible lockable disconnect (adjacent to strike side of door), a 115 volt service line, light switch (adjacent to strike side of door), a light with wire guard, a telephone jack (adjacent to controller), and a duplex receptacle.

A non-fused disconnect switch for elevator light. Shaft doors shall be 3" - 4" of the elevator gate (see drawings). All doors that are on same side must be in line and hinged on the same side. Any doors on opposite sides must be dimensioned alike (note drawings for proper door returns). Exposed 2" metal sill at each door opening. Suitable finished car flooring and specialty car wall finishes. Incidental patching of hoistway. All site related construction and conditions shall be per local building code and the responsibility of others. Shield & Associates is responsible for the mechanical and electrical equipment provided and installed by them. PLEASE NOTE that all the above items insure the best possible installation.

P.O. BOX 6845 • THOUSAND OAKS, CALIFORNIA 91359-6845 • (818) 509-8228 • FAX (818) 509-8596
CA LIC. # 605460  C-11  •  AZ LIC. # 099469  C-18 / # 099470  L-05  •  NV LIC. # 0037116  C-7
This Form (SC3TBAT810.tp5: PRT_Elevator Quote ALLCDVCC - 96) was produced with CMIS™ Software
©1992-2002 Electus Inc. and JWPatterson & Associates, All Rights Reserved.

T.L. Shield & Associates, Inc.
**Elevator Proposal**
For
Davis Residence

Page 3 of 4

TOTAL  FOR THIS PROPOSAL:                    $52,921.48

P.O. BOX 6845 • THOUSAND OAKS, CALIFORNIA 91359-6845 • (818) 509-8228 • FAX (818) 509-8596
CA LIC. # 605460  C-11  •  AZ LIC. # 099469  C-18 / # 099470  L-05  • NV LIC. # 0037116  C-7
This Form (SR-TMT810.tpk PRT_Elevator Quote ALLCDVCC - 98) was produced with CMS™ Software
©1992-2002 Eclectus Inc. and JWPeterson & Associates. All Rights Reserved.

019

T.L. Shield & Associates, Inc.
## Elevator Proposal
For
Davis Residence

## TERMS AND CONDITIONS OF THIS PROPOSAL

Price: Unless an offer is made on this proposal within sixty (60) days after the above date, this proposal shall be void. Any installation not completed within one year of this proposal (not due to the elevator installation), is subject to a price increase.

Dry Run Charge: In the event the Contractor / Owner requests that we start installation, crews are sent, and the site is not prepared for our installatioin, there will be a dry run charge of $250.00 per incident.

Terms: 30% deposit with signed contract, 30% upon electrical rough in, 30% upon installation ,10% upon inspection or demonstration..   Unit will not be operational until balance is paid in full.  A 1 1/2% per month late charge will be asessed on all past due invoices.  If payments are not made in a prompt manner T.L. Shield & Associates, Inc. reserves the option to demand payment for the remaining balance.

Seller agrees that the installation will be made in a workmanlike manner, the above equipment is guaranteed by the manufacturer for a period of one (1) year after certificate of occupancy against defective materials, providing the defective part is returned to the factory and is not found to have been vandalized or misused; T.L. Shield & Associates, Inc. guarantees their workmanship for three (3) months after installation and will perform one trouble call without charge during the three months after completion of the herein specified work, excluding freight and installation labor, providing said call can be made during regular working hours on a regular working day, and providing the call is not required because of abuse or misuse, and that there are no other warranties, express or implied, other than set forth herein. The expressed warranties are only effective in the event that our customer has performed all of its material obligations to T. L. Shield & Associates, Inc. at time warranty claim is made.

The agreed contracted price is contingent on the job being completed within 18 months from the signed contract. Seller reserves the right to alter payment terms and schedule as a result of late payments.

Title and ownership are to remain in the name of Seller, T.L. Shield & Associates, Inc. its successors or assigns until balance is fully paid. Should purchaser fail to make payment as herein set forth, the entire balance will forthwith become due and payable and purchaser agrees (a) to pay same or (b) at sellers option to return such products to seller on demand, and to waive all claims for monies paid as compensation to seller for the use of such product. In the event that there may be a back charge(s), back charges will only be accepted by T.L. Shield & Associates, Inc. under the same term and conditions that T.L. Shield & Associates, Inc's customer accepts change orders.

This proposal contains the entire agreement, and each of the parties agrees that no other promise, representation or statement has been made to induce the execution hereof.

Any and all costs incurred as a result of legal action shall be paid by the non-prevailing party.

Acceptance of this proposal shall constitute a contract between the person, firm or corporation above named and T.L. Shield & Associates, Inc.

T.L. Shield & Associates, Inc. is licensed by the State of California C11 (Elevator Contractor) and all contractors are required by law to be licensed and regulated by the Contractors' State License Board. Any questions concerning a contractor may be referred to the registrar or the board whose address is:  Contractors' State License Board, 1020 N Street, Sacramento, CA 95814.

| | | | |
|---|---|---|---|
| T.L. Shield & Associates, Inc. | 11/30/06 Date | Richard | Date |

P.O. BOX 6845 • THOUSAND OAKS, CALIFORNIA 91359-6845 • (818) 509-8228 • FAX (818) 509-8596
CA LIC. # 605460  C-11  •  AZ LIC. # 099469  C-18 / # 099470  L-05  •  NV LIC. # 0037116  C-7

This Form CR3TB4T510.fp5: PRT_Elevator Quote ALLCOVCC - 99) was produced with CMS™ Software
©1992-2002 Eclectics Inc and JWP Publication & Associates, All Rights Reserved.



## California Preliminary 20-Day Notice

(PUBLIC AND PRIVATE WORK)
IN ACCORDANCE WITH SECTION 3097 AND 3098, CALIFORNIA CIVIL CODE

CONSTRUCTION LENDER or
Reputed Construction Lender, if any

33171    **Cynthia Crosse**

**Washington Mutual Bank**

**20001 Prairie St., 1st Fl Mail Dist - N170101**

**Chatsworth  CA  91311**

Owner or PUBLIC AGENCY or Reputed Owner (on
public work) (on private work)

34588    **Steve Davis**

**Davis Residence**

**1045 San Marino Dr.**

**San Marino  CA  91108**

ORIGINAL CONTRACTOR
or Reputed Contractor

34589    **Richard**

**Finton Associates**

**401 Roylyn Place**

**Arcadia  CA  91007**

### YOU ARE HEREBY NOTIFIED THAT...

**T. L. SHIELD & ASSOCIATES**

**11800 SHELDON ST. UNIT A**

**SUN VALLEY, CA 91352**

has furnished or will furnish labor, services, equipment or
materials of the following general description.

**1 Elevator(s)**

for the building, structure or other work of improvement located at:

**Davis Residence**

**1475 San Pasqual**

**Pasadena CA  91106**

The name of the person or firm who contracted for the purchase of
such labor, services, equipment or materials.

**Richard**

**Finton Associates**

**401 Roylyn Place**

**Arcadia  CA  91007**

An estimate of the total price of the labor, services, equipment or
materials furnished or to be furnished is:

**$52,921.47**

### NOTICE TO PROPERTY OWNER

If bills are not paid in full for the labor, services, equipment, or materials
furnished or to be furnished, a mechanic's lien leading to the loss, through
court foreclosure proceedings, of all or part of the property being so
improved may be placed against the property even though you have paid
your contractor in full. You may wish to protect yourself against this
consequence by (1) requiring your contractor to furnish a signed release by
the person or firm giving you this notice before payment to your contractor
or (2) any other method or device that is appropriated under the
circumstances. Other than residential homeowners of dwellings containing
fewer than five units, private project owners must notify the original
contractor and any lien claimant who has provided the owner with a
preliminary 20-day lien notice in accordance with Section 3097 of the Civil
Code that a notice of completion or notice of cessation has been recorded
within 10 days of its recordation. Notice shall be by registered mail, certified
mail, or first class mail, evidenced by a certificate of mailing. Failure to
notify will extend the deadlines to record a lien.

The person or firm giving this notice is required, pursuant to a collective
bargaining agreement, to pay supplemental fringe benefits into an express
trust fund (described in Civil Code §3111). Said fund is identified as
follows:

Mailed this Date: 12/5/2006

President

T. L. SHIELD AND ASSOC., INC.
P.O. BOX 6845 THOUSAND OAKS, CALIFORNIA 91359-6845

CERTIFIED MAIL



91 7108 2133 3932 1364 9832

Steve Davis
Davis Residence
1015 San Marino Dr.
San Marino CA 91108

T. L. SHIELD AND ASSOC., INC.
P.O. BOX 6845 THOUSAND OAKS, CALIFORNIA 91359-6845



CERTIFIED MAIL

91 7108 2133 3932 1364 9849

Richard
Finton Associates
401 Roylyn Place
Arcadia CA   91007



02 1P
0002634322  DEC 05 2006
MAILED FROM ZIP CODE 91352
$004.640
PITNEY BOWES
UNITED STATES POSTAGE



02 1P
0002634322  DEC 05 2006
MAILED FROM ZIP CODE 91352
$004.640
PITNEY BOWES
UNITED STATES POSTAGE

022

T. L. SHIELD AND ASSOC., INC.
P.O. BOX 6845, THOUSAND OAKS, CALIFORNIA 91359-6845

CERTIFIED MAIL

91 7108 2133 3932 1364 9856

Cynthia Crosse
Washington Mutual Bank
20001 Prairie St., 1st Fl Mail Dist -
N170101
Chatsworth CA 91311



UNITED STATES POSTAGE
$ 004.640
02 1P
0002634322    DEC 05 2006
MAILED FROM ZIP CODE 91352

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Oniz_ ☐ Agent ☐ Addressee
B. Received by ( Printed Name ) _Oniz_   C. Date of Delivery
D. Is delivery address different from item 1? ☑ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Cynthia Crosse
Washington Mutual Bank
20001 Prairie St  9401 OAKDALE
1st Fl. Mail Dist. N170101
Chatsworth CA 91311

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   91 7108 2133 3932 1364 9856

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-15

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee
B. Received by ( Printed Name ) _Maggie Samuels_   C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Richard
Finton Associates
401 Roylyn Pl.
Arcadia CA 91007

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   91 7108 2133 3932 1364 9849

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-154

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Karen_ ☐ Agent ☐ Addressee
B. Received by ( Printed Name )   C. Date of Delivery
12-7-09
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Steve Davis
Davis Residence
1045 San Marino Dr.
San Marino CA 91108

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   91 7108 2133 3932 1364 9832

624

**This page is part of your document - DO NOT DISCARD**



## 20080676603

Pages:
002

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

04/17/08 AT 01:54PM

| | |
|---|---|
| Fee: | 9.00 |
| Tax: | 0.00 |
| Other: | 0.00 |
| Total: | 9.00 |

1860244    200804170040040    Mail

## TITLE(S) :



L E A D     S H E E T

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.          **Number of AIN's Shown**



THIS FORM IS NOT TO BE DUPLICATED

RECORDING REQUESTED BY:

T.L. Shield and Associates, Inc.
AND WHEN RECORDED MAIL TO:

TL Shield and Associates, Inc.
(Name)

11800 Sheldon Street, Suite A
(Street Address)

Sun Valley, CA. 91352
(City, State, and Zip)

04/17/08

20080676603

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# CALIFORNIA MECHANIC'S LIEN

The undersigned TL Shield and Associates, Inc. , claimant,
(Complete Name Of Person Or Entity Claiming Mechanic's Lien)

claims a Mechanic's Lien upon the following described real property:

1475 San Pasquel, Pasadena, CA. 91106
(Street Address And/Or Legal Description, If Available, Where The Work Was Furnished)

The sum of $ 24,921.44 , together with interest thereon at
(Amount Due On Claim)

the highest legal rate per annum from March 3, 2008 is due claimant
(Date When Amount Of Unpaid Claim Became Due)

(after deducting all just credits and offsets) for the following work, equipment, and material

furnished by claimant: Installation and Equipment, One (1)
Residential Elevator.

(General Description Of Work And/Or Materials Provided By Claimant)

Claimant furnished the work and materials at the request of, or under contract with

Steve Davis, 1045 San Marino Drive, San Marino, CA 9108
(Name(s) Of Person(s) Or Entity(s) Who Contracted Or Ordered The Work Or Materials From Claimant)

The owners and reputed owners of the property is/are: Steve Davis
1045 San Marino Drive, San Marino, CA 9108
(The Name Of Owner Of Real Property - This Information Can Be Obtained From The County Recorder's Office Or The Building Department)

| SEE REVERSE SIDE FOR MECHANIC'S LIEN ADDITIONAL INSTRUCTIONS | Firm Name: TL Shield and Associates, Inc. |
| | (See Instructions On Reverse Side For Proper Signing) |
| | By: _____ President |
| | (Signature Of Claimant Or Authorized Agent And Title) |

## VERIFICATION

I, the undersigned, say: I am the claimant or agent of the foregoing Mechanic's Lien claimant;
I have read said claim of mechanic's lien and know the contents thereof; the same is true of
my own knowledge. I am authorized to execute this Claim of Lien.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 12, 2008 , at Sun Valley , California.
(Date Of Signature)                (City Where Signed)

(Signature Of The Individual Who Verifies That The Contents Of The Claim Of Mechanic's Lien Are True)

07/15/08

FORM 205-1 • ©1998 BY BUILDER'S BOOK, INC. • BOOKSTORE • PUBLISHER • 8001 CANOGA AVE. • CANOGA PARK, CA 91304

026

RECORDING REQUESTED BY:

*Job #5612*
*Davis*

TL Shield and Associates Inc.
AND WHEN RECORDED MAIL TO:

TL Shield and Associates, Inc.
(Name)

11800 Sheldon Street, Suite A
(Street Address)

Sun Valley, CA. 91352
(City, State, and Zip)

**COPY** of Document Recorded

04/17/08

**20080676603**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# CALIFORNIA MECHANIC'S LIEN

The undersigned TL Shield and Associates Inc. , claimant,
(Complete Name Of Person Or Entity Claiming Mechanic's Lien)

claims a Mechanic's Lien upon the following described real property: _____

1475 San Pasquel Pasadena, CA. 91106
(Street Address And/Or Legal Description, If Available, Where The Work Was Performed)

The sum of $ 24,921.44 , together with interest thereon at
(Amount Due Or Claim)

the highest legal rate per annum from March 3, 2008 is due claimant
(Date When Amount Of Unpaid Claim Became Due)

(after deducting all just credits and offsets) for the following work, equipment, and material

furnished by claimant: Installation and Equipment, One (1)

Residential Elevator.

(General Description Of Work And/Or Materials Provided By Claimant)

Claimant furnished the work and materials at the request of, or under contract with

Steve Davis, 1045 San Marino Drive, San Marino CA 9108

The owners and reputed owners of the property is/are: Steve Davis

1045 San Marino Drive, San Marino, CA 9108
(The Name Of Owner Of Real Property - This Information Can Be Obtained From The County Recorder's Office Or The Building Department)

**SEE REVERSE SIDE FOR MECHANIC'S LIEN ADDITIONAL INSTRUCTIONS**

Firm Name: TL Shield and Associates, Inc.
(See Instructions On Reverse Side For Proper Signing)

By: _____ President
(Signature Of Claimant Or Authorized Agent And Title)

## VERIFICATION

I, the undersigned, say: I am the claimant or agent of the foregoing Mechanic's Lien claimant;
I have read said claim of mechanic's Lien and know the contents thereof; the same is true of
my own knowledge. I am authorized to execute this Claim of Lien.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 12, 2008 , at Sun Valley , California.
(Date Of Signature)   (City Where Signed)

(Signature Of The Individual Who Verifies That The Contents Of The Claim Of Mechanic's Lien Are True)

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*
Louis J. Khoury, SBN 57491
Law Offices of Louis J. Khoury
A Professional Corporation
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
TELEPHONE NO.: (310) 553-7291    FAX NO.: (310) 553-7295
ATTORNEY FOR *(Name):* Plaintiff T.L. Shield & Associates
SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME: T.L. Shield & Associates, Inc. v. Davis

**FOR COURT USE ONLY**

**FILED**
LOS ANGELES SUPERIOR COURT

JUL 15 2008

JOHN A. CLARKE, CLERK

BY D.M. SWAIN, DEPUTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: BC394491 |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
  a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):* 4

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 15, 2008

Louis J. Khoury
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]
**CIVIL CASE COVER SHEET**
Legal Solutions Plus
Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19

028

| SHORT TITLE: T.L. Shield & Associates, Inc. v. Davis | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 2 [ ] HOURS/ [X] DAYS.

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 | Asbestos Property Damage | 2. |
| | | [ ] A7221 | Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 | Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240 | Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 | Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270 | Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [ ] A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 | Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | [ ] A6016 | Intellectual Property | 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

SHORT TITLE:  T.L. Shield & Associates, Inc. v. Davis

CASE NUMBER

| **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|

**Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)**

| | | |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |

**Employment**

| | | |
|---|---|---|
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |

**Contract**

| | | |
|---|---|---|
| Breach of Contract/ Warranty (06) (not insurance) | ☒ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | ②, ⑤. |
| | ☐ A6008  Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |

**Real Property**

| | | |
|---|---|---|
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation  Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |

**Unlawful Detainer**

| | | |
|---|---|---|
| Unlawful Detainer - Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**Judicial Review**

| | | |
|---|---|---|
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/ Vacate Arbitration | 2., 5. |

CIV 109 03-04
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

030

| SHORT TITLE: | T.L. Shield & Associates, Inc. v. Davis | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership/Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

CIV 109 03-04
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

031

| SHORT TITLE:  T.L. Shield & Associates, Inc. v. Davis | CASE NUMBER |
| --- | --- |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
| --- | --- |
| ☐1. ☒2. ☐3. ☐4. ☒5. ☐6. ☐7. ☐8. ☐9. ☐10. | 1475 San Pasqual |

| CITY:  Pasadena | STATE:  CA | ZIP CODE:  91106 | |
| --- | --- | --- | --- |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Los Angeles Superior Court</u>    courthouse in the <u>Central</u>    District of the Los Angeles Superior Court (Code of Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>July 15, 2008</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

Louis J. Khoury

---

| **PLEASE HAVE THE FOLLOWING DOCUMENTS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:** |
| --- |

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form JC 982.2(b)(1).

4. Complete Addendum to Civil Case Cover Sheet form CIV 109 _____ (eff. Date).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CIV 109 03-04
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

032

"EXHIBIT B"

1  LOUIS J. KHOURY, ESQ., SBN 57491
   LAW OFFICES OF LOUIS J. KHOURY
2  A Professional Corporation
   1801 Century Park East, Suite 2400
3  Los Angeles, CA 90067-2326

4  Telephone: (310) 553-7291
   Facsimile:  (310) 553-7295
5  E-mail: ljkhoury@aol.com

6  Attorney for Plaintiff T.L. SHIELD & ASSOCIATES, INC.,
   a California Corporation

7

**FILED**
LOS ANGELES SUPERIOR COURT

NOV 12 2008

JOHN A. CLARKE, CLERK

BY GLORIETTA ROBINSON, DEPUTY

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11  T.L. SHIELD & ASSOCIATES, INC., a        CASE NO.   BC 394491
    California corporation,
12                                           NOTICE OF FILING PROOF OF
13       Plaintiff,                          SERVICE

         vs.
14
    STEVEN T. DAVIS, and DOES 1
15  through 100

16       Defendants.

17

18  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19       Attached is the Proof of (Substituted) service on Defendant, Steven T. Davis.
20

21  Dated: November 11, 2008          Respectfully submitted,
22
                                      LAW OFFICES OF LOUIS J. KHOURY
23                                    A PROFESSIONAL CORPORATION

24                                    By: _____
25                                         LOUIS J. KHOURY,
                                           Attorney for Plaintiff
26

27

28

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| KHOURY, LOUIS<br>1801 CENTURY PARK E SUITE 2400<br>LOS ANGELES, CA 90067<br><br>TELEPHONE NO.: 310 553-7291     FAX NO. *(Optional)*: 310 553-7295<br>EMAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*   T.L. SHIELD & ASSOCIATES, INC. | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| STREET ADDRESS: 110 North Grand Ave.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles 90012<br>BRANCH NAME: Central District, Stanley Mosk Courthouse | |

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER:  T.L. SHIELD & ASSOCIATES, INC. | BC394491 |
| DEFENDANT/RESPONDENT:  STEVEN T. DAVIS | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>637970/SHIELD-DAVIS |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the *(specify documents):*
   **Summons; Complaint; Notice of Pendency of Action; Notice of Unavailability of Louis J. Khoury; Notice of Case Management Conference; Notice of Case Assignment-unlimited Civil Case; Adr Information Packet**

3. a. Party served *(specify name of party as shown on documents served)*:
   **STEVEN T. DAVIS**

   b. [  ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   **1045 SAN MARINO Avenue, SAN MARINO, CA 91108**

5. I served the party *(check proper box)*
   a. [  ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*  (2) at *(time):*

   b. [ X ] **by substituted service.** On *(date):* 10/31/2008  (2) at *(time):* 6:48 PM  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
   **JANE DOE, CO-RESIDENT (WHO REFUSED TO GIVE NAME), A white female approx. 45-55 years of age 5'2"-5'4" in height weighing 120-140 lbs with brown hair**

   (1) [  ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ X ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [  ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [  ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*
   from *(city):*     or [ X ] a declaration of mailing is attached.

   (5) [ X ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>Order No. 5630758 LAX |
|---|---|---|



035

| PLAINTIFF/PETITIONER:  T.L. SHIELD & ASSOCIATES, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  STEVEN T. DAVIS | BC394491 |

c. [  ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*    (2) from *(city):*

    (3) [  ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30)

    (4) [  ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [  ] **by other means** *(specify means of service and authorizing code section):*

    [  ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. [ X ] as an individual defendant.

  b. [  ] as the person sued under the fictitious name of *(specify):*

  c. [  ] as occupant

  d. [  ] On behalf of *(specify):*

    under the following Code of Civil Procedure section:

| | |
|---|---|
| [  ] 416.10 (corporation) | [  ] 415.95 (business organization, form unknown) |
| [  ] 416.20 (defunct corporation) | [  ] 416.60 (minor) |
| [  ] 416.30 (joint stock company/association) | [  ] 416.70 (ward or conservatee) |
| [  ] 416.40 (association or partnership) | [  ] 416.90 (authorized person) |
| [  ] 416.50 (public entity) | [  ] 415.46 (occupant) |
| | [  ] other |

7. **Person who served papers**

  a. Name:    **Michael Kim**

  b. Address:    **261 S. Figueroa Street, SUITE 280, LOS ANGELES, CA 90012**

  c. Telephone number:    **213-621-9999**

  d. The fee for service was:    **$119.00**

  e. I am:

    (1) [  ] not a registered California process server.

    (2) [  ] exempt from registration under Business and Professions Code section 22350(b).

    (3) [ X ] registered California process server:

      (i) [  ] owner [  ] employee [ X ] independent contractor

      (ii) [ X ] Registration No.:  **5631**

      (iii) [ X ] County:    **Los Angeles**

8. [ X ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [  ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  **11/5/2008**

    **Michael Kim**
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
KHOURY, LOUIS
1801 CENTURY PARK E SUITE 2400
LOS ANGELES, CA 90067

TELEPHONE NO.: 310 553-7291      FAX NO. *(Optional)*: 310 553-7295
EMAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: T.L. SHIELD & ASSOCIATES, INC.

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 110 North Grand Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District, Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: T.L. SHIELD & ASSOCIATES, INC.

DEFENDANT/RESPONDENT: STEVEN T. DAVIS

CASE NUMBER:
BC394491

DECLARATION OF REASONABLE DILIGENCE

Ref. No. or File No.:
637970/SHIELD-DAVIS

Party to Serve:
STEVEN T. DAVIS

Documents:
Summons; Complaint; Notice of Pendency of Action; Notice of Unavailability of Louis J. Khoury; Notice of Case Management Conference; Notice of Case Assignment-unlimited Civil Case; Adr Information Packet

Service Address:
1045 SAN MARINO Avenue, SAN MARINO, CA 91108

I declare the following attempts were made to effect service by personal delivery:
10/19/2008 7:55:00 PM: No Answer at the door, dark and quiet inside. No activity observed inside.
10/22/2008 7:39:00 AM: No Answer at the door, dark and quiet inside. No activity observed inside.
10/24/2008 7:55:00 PM: No Answer at the door, dark and quiet inside. No activity observed inside.
10/27/2008 6:26:00 PM: No Answer at the door, dark and quiet inside. No activity observed inside.
10/29/2008 8:31:00 AM: No Answer at the door, dark and quiet inside. No activity observed inside.

Person who served papers:
Michael Kim
261 S. Figueroa Street, SUITE 280, LOS ANGELES, CA 90012
213-621-9999

I am a registered California process server
Registration No.: 5631
County:     Los Angeles

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 11/5/2008

_____
**Michael Kim**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)



Order No. 5630758 LAX

037

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| KHOURY, LOUIS<br>1801 CENTURY PARK E SUITE 2400<br>LOS ANGELES, CA 90067<br><br>TELEPHONE NO.: 310 553-7291    FAX NO. *(Optional)*: 310 553-7295<br>EMAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: T.L. SHIELD & ASSOCIATES, INC. | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 110 North Grand Ave. |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles 90012 |
| BRANCH NAME: Central District, Stanley Mosk Courthouse |

| PLAINTIFF/PETITIONER: T.L. SHIELD & ASSOCIATES, INC. | CASE NUMBER:<br>BC394491 |
|---|---|
| DEFENDANT/RESPONDENT: STEVEN T. DAVIS | |
| **DECLARATION OF MAILING** | Ref. No. or File No.<br>637970/SHIELD-DAVIS |

The undersigned hereby declares: that I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

My business address is 501 12th St., Sacramento, CA 95814.

That on **November 5th, 2008**, after substituted service was made, I mailed the following documents: Summons; Complaint; **Notice of Pendency of Action; Notice of Unavailability of Louis J. Khoury; Notice of Case Management Conference; Notice of Case Assignment-unlimited Civil Case; Adr Information Packet** to the servee in this action by placing a true copy thereof enclosed in a sealed envelope with postage prepaid for first class mail and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in **Sacramento, CA**.

That I addressed the envelope as follows:

STEVEN T. DAVIS
1045 SAN MARINO Avenue
SAN MARINO, CA 91108

That I declare under penalty of perjury of the state of California that the foregoing is true and correct.

That I executed this declaration on **November 5th, 2008** at Sacramento, CA.

_Russell Duane_ *(signature)*
Declarant    Russell Duane

BY FAX



Order No. 5630758 LAX

038

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
KHOURY, LOUIS
1801 CENTURY PARK E SUITE 2400
LOS ANGELES, CA 90067
TELEPHONE NO: 310 553-7291     FAX NO. (Optional) 310 553-7295
EMAIL ADDRESS (Optional):
ATTORNEY FOR (Name): T.L. SHIELD & ASSOCIATES, INC.

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 110 North Grand Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse/Central District

| PLAINTIFF/PETITIONER: T.L. SHIELD & ASSOCIATES, INC. | CASE NUMBER: BC394491 |
|---|---|
| DEFENDANT/RESPONDENT: STEVEN T. DAVIS | |
| DECLARATION OF NON SERVICE | Ref. No. or File No.: 637970/SHIELD-DAVIS |

I declare that I am and was on the dates herein mentioned, a citizen of the United States, over the age of 18 years, not a party to nor interested in the above entitled action, and competent to be a witness therein.

I received the following documents for service:

Summons; Complaint; Notice of Pendency of Action; Notice of Unavailability of Louis J. Khoury; Notice of Case Management Conference; Notice of Case Assignment-unlimited Civil Case; Adr Information Packet

I attempted to serve        STEVEN T. DAVIS
at the address of           1475 SAN PASQUAL , PASADENA, Los Angeles County, CA 91106

and was unable to effect service for the following reasons:

8/14/2008 8:40:00 PM: No Answer at the door, lights on inside, CONSTRUCTION BEING DONE ON NEW HOME
8/16/2008 1:00:00 PM: No Answer at the door, SPOKE TO WORKERS ON PROPERTY AND THEY VERIFIED SUBJECT LIVED THERE AND THAT SUBJECT HAD LEFT 1/2 HOUR AGO
8/18/2008 7:00:00 AM: No Answer at the door
8/21/2008 7:30:00 PM: No Answer at the door, lights on inside, noises inside
8/24/2008 11:15:00 AM: No Answer at the door
8/27/2008 9:10:00 PM: No Answer at the door, lights on inside
8/30/2008 10:00:00 AM: No Answer at the door
9/3/2008 8:45:00 PM: No Answer at the door
9/6/2008 7:50:00 AM: No Answer at the door
9/9/2008 7:45:00 AM: No Answer at the door
9/13/2008 10:00:00 AM: No Answer at the door
9/16/2008 9:10:00 PM: No Answer at the door, lights on inside
9/19/2008 1:15:00 PM: No Answer at the door
9/23/2008 6:00:00 PM: No Answer at the door
9/26/2008 7:15:00 PM: No Answer at the door
9/30/2008 4:00:00 PM: No Answer at the door, noises inside
10/3/2008 7:10:00 PM: No Answer at the door

Fee for service: $ 119.00

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:  10/17/2008

George Sanchez
(PRINTED NAME OF DECLARANT)

(SIGNATURE OF DECLARANT)

Page 1 of 1

DECLARATION OF NON SERVICE

Order No. 5630758 LAX

039

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3

4     I am employed in the County of Los Angeles, State of California.

5     I am over the age of 18 and not a party to the within action; my business address is 1801 Century Park East, Suite 2400, Los Angeles, California 90067.

6     On November 11, 2008, I served the foregoing document described as:

7     **Notice of Filing Proof of Service**

8     on the interested parties in this action:

9     Steven T. Davis
      1045 San Marino Avenue
10    San Marino, CA 91108

11    __X__ **BY MAIL**: I am readily familiar with this firm's practice for collection and processing of documents for mailing with the United States Postal Service and that the
12    documents are deposited in the United States Postal Service the same day as the day of collection in the ordinary course of business. The sealed envelope with postage
13    thereon fully prepaid was placed for collection and mailing on the above date following ordinary business practices.

14

15    ___ **BY FACSIMILE**: By transmitting a true copy thereof via facsimile machine to the facsimile number(s) listed below. The telephone number on the facsimile machine I used is (310) 553-7295. The facsimile machine I used complied with Rule 2003(3).
16    Pursuant to Rule 2003(6), I caused the machine to print a transmission record of the transmission and no error was reported by said machine.

17

18    ___ **BY MESSENGER**: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as indicated below and having said envelope(s) delivered to the
19    addressee(s) via Docs Direct, Inc., 3450 Wilshire Blvd., Suite 108-79, Los Angeles, California 90010-2208, (213) 487-7348.

20    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

22    Executed on November 11, 2008, at Los Angeles, California.

23

24    Louis J. Khoury

25

26

27

28

Louis J. Khoury
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 553-7291

C-40

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 7 of* ____    **F 4001-1M.NA**

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| Steve Davis | Debtor(s). | CASE NO.: 2:09-bk-22514 SB |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
206 N. Jackson Street, Suite 201
Glendale, CA 91206

A true and correct copy of the foregoing document described as Notice of Motion and Motion for Relief From the ____
Automatic Stay in Non-Bankruptcy Forum _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On 7/6/10 _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☑ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On 7/6/10 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Louis J. Khoury
Law Offices of Louis Khoury
1801 Century Park East, Suite 2400
Los Angeles, CA 90067

Honorable Samuel L. Bufford
United States Bankruptcy Court
255 E. Temple Street, Suite 1582
Los Angeles, CA 90012

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 7/6/10 | Malissa Murguia | *(signature)* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**ADDITIONAL SERVICE INFORMATION (if needed):**

* Mark D Estle    mdestle@estlelaw.com
* Bonnie M Holcomb    bonnie.holcomb@doj.ca.gov
* Dare Law    dare.law@usdoj.gov
* Joe M Lozano    notice@NBSDefaultServices.com
* Christopher M McDermott    ecfcacb@piteduncan.com
* Frank W Molloy    jgalambos@hmspasadena.com, mdickey@hmspasadena.com
* Randall P Mroczynski    randym@cookseylaw.com
* Brian A Paino    ecfcacb@piteduncan.com
* Cindy S Park    Cindy.Park@irscounsel.treas.gov
* Nathan A Schultz    schultzn@gtlaw.com
* Najah J Shariff    najah.j.shariff@irscounsel.treas.gov
* Michael W Tan    michael.w.tan@irscounsel.treas.gov
* David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;
marcycarman@tilemlaw.com; ldiaz@tilemlaw.com; dianachau@tilemlaw.com; kmishigian@tilemlaw.com
* United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
* Barry R Wegman    barrywegman@tilemlaw.com, malissamurguia@tilemlaw.com;
marcycarman@tilemlaw.com; ldiaz@tilemlaw.com; dianachau@tilemlaw.com; kmishigian@tilemlaw.com